IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE: MICHAEL RUSSELL | ) | |
| LOU RUSSELL | ) | CASE NO.: 19-20712 |
| | ) | CHAPTER 13 |
| Debtor(s) | ) | |

### MOTION FOR DETERMINATION OF FEES, EXPENSES OR CHARGES

Debtor(s), by counsel, Kevin M. Schmidt, hereby objects to the Notice of Postpetition Mortgage Fees filed on September 26, 2019, by MTGLQ Investors, LP by Rushmore Loan Mgmt. Services, LLC ("Claimant") and moves the Court to determine the reasonableness of said fees. In support thereof Debtor hereby states as follows:

1. That Debtor(s) filed a Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code on March 26, 2019.

2. That on June 4, 2019, Claimant filed proof of claim number 17-1 asserting a secured claim in the amount of $69,728.69 based on a mortgage on the Debtor's principal residence. This claim was duly provided for in Debtor's Chapter 13 Plan and is being paid through the Chapter 13 Trustee.

3. On September 26, 2019, Claimant filed the subject Notice of Postpetition Mortgage Fees ("Notice of Fees") in the amount of $1,326.00 wherein Claimant asserts they are due $600.00 "proof of claim fees", $300.00 "plan review", $150.00 "notice of bankruptcy", $66.00 "property inspection fees" and $210.00 "foreclosure service".

4. That said Notice of Fees lacks proof that the attorneys' fees were actually incurred and that they were reasonable. The party seeking attorneys' fees under Rule 3002.1 "must properly support the billed fees or charges asserted in bankruptcy proceedings." *In re Hale,* No. 14-04337-HB, (Bankr. D.S.C. March 16, 2015). "Unlike a standard proof of claim, a notice filed under Rule 3002.1 does not constitute *prima facie* evidence as to the validity or amount of the claimed charges." *In re Susanek,* No. 12-23545-GLT, (Bankr. W.D. Pa. Sept. 30, 2014). Thus, "simply including `Attorney fees' or "Bankruptcy/proof of claim fees' on the 3002.1 Notice . . . does not necessarily support the charge made." *In re Pittman,* No. 14-03404-HB, (Bankr. D.S.C. March 16, 2015)

5. Debtor asserts that $900.00 is an excessive amount to claim for reviewing a Chapter 13 Plan and filing a claim in a consumer bankruptcy case.

**WHEREFORE**, based upon the foregoing, Debtor prays that Claimant's Notice of Postpetition Mortgage Fees, Expenses and Charges filed on September 26, 2019, be disallowed and denied in full and for all other just and proper relief as the Court may allow

Date: October 17, 2019

/s/ Kevin M. Schmidt
KEVIN M. SCHMIDT
Attorney for Debtor
200 E. 80TH Place, Ste. 110
MERRILLVILLE, IN 46410

## CERTIFICATE OF SERVICE

I the undersigned hereby certifies that on October 17, 2019, a true and complete copy of the foregoing Motion was served upon the following parties in interest, by placing same in an envelope properly addressed with sufficient first class postage affixed thereto.

U.S TRUSTEE, ONE MICHIANA SQUARE, 100 EAST WAYNE STREET, SOUTH BEND, IN 46601

PAUL CHAEL, TRUSTEE, 401 WEST 84TH DRIVE, STE C, MERRILLVILLE, IN 46410

MTGLQ Investors, LP by Rushmore Loan Mgmt. Services, LLC
c/o Sarah Barngrover
PO Box 165028
Columbus, OH 43216

MTGLQ Investors, LP
c/o Rushmore Loan Mgmt. Services, LLC
PO Box 55004
Irvine, CA 92619-2708

/s/ Amanda Lawrence
Amanda Lawrence
200 E. 80TH PLACE, STE. 110
MERRILLVILLE, IN 46410